1
2
3
4
5
6
7
                      UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
8
9    MARK MAJOR and MICHAEL MAJOR,

10               Plaintiffs,                    NO. CV-09-242-EFS

11        v.
                                                **ORDER DENYING PLAINTIFFS'**
12   MARK D. HODGSON, MAXEY LAW                 **MOTION FOR RECONSIDERATION**
     OFFICE, ANDREW C. BOHRNSEN,
13   STOCKER SMITH LUCIANI & STAUB
     PLLC,
14
                 Defendants.
15
          On October 23, 2009, this Court issued an Amended Order Granting
16
     Defendants' Motion to Dismiss Plaintiffs' Complaint. (Ct. Rec. 32.)  In
17
     that Order, the Court mistakenly relied on an Order issued by the
18
     Honorable Fred Van Sickle in which he found the Plaintiffs to be
19
     vexatious litigants and forbid them from filing another case against
20
     these Defendants.  That Order was issued on August 19, 2009, two weeks
21
     after Plaintiffs filed this Complaint.  Plaintiffs filed the Motion under
22
     Consideration on October 26, 2009. (Ct. Rec. 34.)  On October 28, 2009,
23
     the Court issued a Second Amended Order in which it corrected this error
24
     and once again granted Defendants' Motion to Dismiss. (Ct. Rec. 37.)
25
26

ORDER * 1

## I. Standard

The "law of the case" doctrine generally prevents a court from reconsidering an issue it has already decided in the same case. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). Nonetheless, the doctrine is a guide to the Court's discretion rather than a limitation of the Court's jurisdiction. *See id.* (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). A court "may have discretion to depart from the law of the case where:  1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *Alexander*, 106 F.3d at 876. "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id*.

## II. Analysis

Plaintiffs correctly point out that the Court initially based its decision to dismiss on Judge Van Sickle's determination that they are vexatious litigants, but that this determination occurred after Plaintiffs filed this case.  Nevertheless, as the Court's Second Amended Order makes clear, Plaintiffs' claims are baseless.  (Ct. Rec. 37.) Therefore, these are not valid grounds to reconsider the Second Amended Order.  Plaintiffs have not adduced any new evidence not included in the materials submitted for the Second Amended Order, aside from conclusory, unfounded and untrue allegations that this Court joined the conspiracy to deprive them of their rights.

ORDER * 2

For the reasons given above, **IT IS HEREBY ORDERED**: Plaintiffs' Motion for Reconsideration **(Ct. Rec. 34)** is **DENIED**.

**DATED** this _____30th_____ day of October 2009.


                         S/ Edward F. Shea
                         EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2009\242.reconsid.wpd

ORDER * 3